IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02925-BNB

RASHAIM DAVIS,

    Plaintiff,

v.

BENT COUNTY CORRECTIONAL FACILITY,
CORRECTIONS CORPORATIONS OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
HSA - MS. TURNER, BCCF Medical Personnel, Individual and Official Capacity,
NP-C MS. SCOBEE, BCCF Medical Personnel, Individual and Official Capacity,
DR. OBA, BCCF Medical Personnel, Individual and Official Capacity, and
DR. PATTERSON, Arkansas Valley Surgery Center, Individual and Official Capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Rashaim Davis, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Olney Springs, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe Mr. Davis' filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Davis will be directed to file an amended complaint.

Mr. Davis asserts one claim. He alleges that he injured his hand on August 31, 2011, and was told that he would need to see a hand specialist and would ultimately require surgery. Mr. Davis asserts that he has not received surgery or other necessary treatment for his injury. He alleges that he suffers from constant pain and lack of mobility in his hand. Mr. Davis asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.

In the amended complaint he will be directed to file, Mr. Davis must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Davis must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Davis may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Davis uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Further, Mr. Davis may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections or the Bent County Correctional Center. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Davis, therefore, will be directed to file an amended complaint on the Court-approved form that states his claims clearly and concisely, asserts what rights were violated, alleges specific facts demonstrating the personal involvement of named defendant in the asserted violations, and sue the proper parties. Accordingly, it is

ORDERED that Plaintiff, Rashaim Davis, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Davis shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Davis fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 11, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge